UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LILLIAN BELTRAN MONROY, | ) | 1:10cv02227 DLB |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING MOTION FOR |
| | ) | ATTORNEY FEES PURSUANT TO 42 U.S.C. |
| v. | ) | § 406(b) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | (Document 19) |
| | ) | |
| Defendant. | ) | |

    Petitioner Steven G. Rosales ("Counsel"), attorney for Plaintiff Lillian Beltran Monroy, filed the instant motion for fees on January 31, 2012. Counsel requests fees in the amount of $6,415.25 pursuant to 42 U.S.C. § 406(b)(1). Defendant did not file an opposition.

**BACKGROUND**

    Plaintiff filed this action on December 1, 2010. On March 3, 2011, the Court granted the parties' stipulation for remand pursuant to sentence six of section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), on the grounds that the administrative record was incomplete.

    On September 16, 2011, while on remand from this Court, Administrative Law Judge ("ALJ") Patricia Leary Flierl issued a fully favorable decision for Plaintiff. Exhibit 2, attached to

1 Application.  Pursuant to the ALJ's decision, the Commissioner issued a Notice of Award on
2 November 8, 2011.  Exhibit 3, attached to Application.  The Notice indicates that Plaintiff is
3 entitled to past-due monthly benefits totaling $25,661.00.
4     On October 19, 2011, the Court granted the parties' stipulation that the case be reopened
5 and that judgment be entered in favor of Plaintiff.  Pursuant to the Court's order, the Clerk of the
6 Court entered judgment in favor of Plaintiff.
7     On January 26, 2012, the Court granted the parties' stipulation for attorney's fees and
8 expenses pursuant to the Equal Access to Justice Act ("EAJA") in the total amount of $1,500.00.
9     By this motion, Counsel seeks an award of $6,415.25 for 9.7 hours of attorney time.[1]
10 This amount represents 25% (twenty-five percent) of the past-due award.  After crediting
11 $1,500.00 received previously pursuant to the EAJA, Counsel requests a net fee of $4,915.25
12 from the past-due award.

## DISCUSSION

14  42 U.S.C. § 406(b)(1)(A) provides in relevant part:

15  Whenever a court renders a judgment favorable to a claimant under this subchapter who
    was represented before the court by an attorney, the court may determine and allow as
16  part of its judgment a reasonable fee for such representation, not in excess of 25 percent
    of the total of the past-due benefits to which the claimant is entitled by reason of such
17  judgment . . .

18     In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a
19 district court reviews a petition for section 406(b) fees "as an independent check" to assure that
20 contingency fee agreements between claimants and their attorneys will "yield reasonable results
21 in particular cases."  The Court must respect "the primacy of lawful attorney-client fee
22 agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for
23 reasonableness."  *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).
24 Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of
25 the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the

---

28     [1]Counsel submitted a billing statement.  Exhibit 4, attached to Motion.


attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* at 808. Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a favorable result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests an amount equal to the 25% percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit 1, attached to Motion. The $6,415.25 fee ($4,915.25 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $25,661.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

**ORDER**

Based on the foregoing, Counsel's section 406(b) Motion is GRANTED in the amount of $6,415.25. This amount should be payable directly to the Law Offices of Lawrence D. Rohlfing. Upon payment, Counsel is directed to refund $1,500.00 to Plaintiff.

IT IS SO ORDERED.

Dated:   **March 22, 2012**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE