1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10   LILLIAN BELTRAN MONROY,          )   1:10cv02227 DLB
                                      )
11                                    )
                                      )
12                 Plaintiff,         )   ORDER REGARDING MOTION FOR
                                      )   ATTORNEY FEES PURSUANT TO 42 U.S.C.
13        v.                          )   § 406(b)
                                      )
14   MICHAEL J. ASTRUE, Commissioner  )   (Document 19)
     of Social Security,              )
15                                    )
                                      )
16                                    )
                   Defendant.         )
17   _____  )

18

19        Petitioner Steven G. Rosales ("Counsel"), attorney for Plaintiff Lillian Beltran Monroy,

20   filed the instant motion for fees on January 31, 2012.  Counsel requests fees in the amount of

21   $6,415.25 pursuant to 42 U.S.C. § 406(b)(1).  Defendant did not file an opposition.

                                   **BACKGROUND**
22

23        Plaintiff filed this action on December 1, 2010.  On March 3, 2011, the Court granted the

24   parties' stipulation for remand pursuant to sentence six of section 205(g) of the Social Security

25   Act, as amended, 42 U.S.C. § 405(g), on the grounds that the administrative record was

26   incomplete.

27        On September 16, 2011, while on remand from this Court, Administrative Law Judge

28   ("ALJ") Patricia Leary Flierl issued a fully favorable decision for Plaintiff.  Exhibit 2, attached to

                                          1

1  Application.  Pursuant to the ALJ's decision, the Commissioner issued a Notice of Award on

2  November 8, 2011.  Exhibit 3, attached to Application.  The Notice indicates that Plaintiff is

3  entitled to past-due monthly benefits totaling $25,661.00.

4      On October 19, 2011, the Court granted the parties' stipulation that the case be reopened

5  and that judgment be entered in favor of Plaintiff.  Pursuant to the Court's order, the Clerk of the

6  Court entered judgment in favor of Plaintiff.

7      On January 26, 2012, the Court granted the parties' stipulation for attorney's fees and

8  expenses pursuant to the Equal Access to Justice Act ("EAJA") in the total amount of $1,500.00.

9      By this motion, Counsel seeks an award of $6,415.25 for 9.7 hours of attorney time.[1]

10  This amount represents 25% (twenty-five percent) of the past-due award.  After crediting

11  $1,500.00 received previously pursuant to the EAJA, Counsel requests a net fee of $4,915.25

12  from the past-due award.

### DISCUSSION

14  42 U.S.C. § 406(b)(1)(A) provides in relevant part:

15  Whenever a court renders a judgment favorable to a claimant under this subchapter who
    was represented before the court by an attorney, the court may determine and allow as
16  part of its judgment a reasonable fee for such representation, not in excess of 25 percent
    of the total of the past-due benefits to which the claimant is entitled by reason of such
17  judgment . . .

18      In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a

19  district court reviews a petition for section 406(b) fees "as an independent check" to assure that

20  contingency fee agreements between claimants and their attorneys will "yield reasonable results

21  in particular cases."  The Court must respect "the primacy of lawful attorney-client fee

22  agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for

23  reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).

24  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of

25  the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the

28      [1]Counsel submitted a billing statement.  Exhibit 4, attached to Motion.

2

1  attorney for the successful claimant must show that the fee sought is reasonable for the services

2  rendered." *Id*.

3      In determining the reasonableness of an award, the district court should consider the

4  character of the representation and the results achieved. *Id.* at 808. Ultimately, an award of

5  section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. §

6  2412; *Gisbrecht*, 535 U.S. at 796.

7      In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court

8  should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining

9  whether counsel met their burden to demonstrate that their requested fees were reasonable, the

10 Court noted that (1) no reduction in fees due to substandard performance was warranted, and the

11 evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction

12 in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive

13 delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees,

14 which were significantly lower than the fees bargained for in the contingent-fee agreements, were

15 not excessively large in relation to the benefits achieved and when taking into consideration the

16 risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

17     Here, there is no indication that a reduction of fees is warranted for substandard

18 performance. Counsel is an experienced, competent attorney who secured a favorable result for

19 Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in

20 excessive delay. Finally, Counsel requests an amount equal to the 25% percent contingent-fee

21 that Plaintiff agreed to at the outset of the representation. Exhibit 1, attached to Motion. The

22 $6,415.25 fee ($4,915.25 net fee after subtracting the previously awarded EAJA fee) is not

23 excessively large in relation to the past-due award of $25,661.00. In making this determination,

24 the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of

25 going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

26

27

28

1

**ORDER**

2       Based on the foregoing, Counsel's section 406(b) Motion is GRANTED in the amount of

3    $6,415.25.  This amount should be payable directly to the Law Offices of Lawrence D. Rohlfing.

4    Upon payment, Counsel is directed to refund $1,500.00 to Plaintiff.

5       IT IS SO ORDERED.

6    **Dated:    March 22, 2012**                              **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28